UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11277-RGS

LAWRENCE LITTLER

v.

STATE OF MASSACHUSETTS

MEMORANDUM AND ORDER

August 14, 2017

INTRODUCTION

On July 6, 2017, Plaintiff Lawrence Littler ("Littler"), a self-described disabled resident of Swampscott, Massachusetts, filed a *pro se* complaint accompanied by an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Docket Nos. 1-2. Littler subsequently filed a written request seeking permission to utilize CM/ECF for electronic filing. *See* Docket No. 5.

For the reasons set forth below: (1) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is ALLOWED; (2) Plaintiff's Motion for Electronic Filing is DENIED without prejudice; and (3) this action shall be dismissed within 35 days of the date of this Memorandum and

Order unless Plaintiff demonstrates good cause why this action should not be dismissed, or files an amended complaint.

BACKGROUND

The complaint identifies the defendant as the State of Massachusetts and asserts federal claims pursuant to the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 706, 791-794, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the due process clause of the Fourteenth Amendment[1] and state law claims for false imprisonment and intentional infliction of emotional distress.

Littler's claims arise out of a January 12, 2017 proceeding in state court in which Littler was found in contempt of court for non-payment of alimony and child support. Littler complains that "the State of Massachusetts Judicial branch and its agents servants and/or employees refused to accommodate Plaintiff's disabilities, refused to allow Plaintiff to completely present his case in defense and refused to afford Plaintiff the right to be represented by an attorney at a proceeding which had become criminal."

---

[1] Section 1983 of Title 42 creates a cause of action for persons who are denied a federally protected right by a person acting under color of state law. *See, e.g., Baker v. McCollan*, 443 U.S. 137 (1979) (constitutional deprivations); *Maine v. Thiboutot*, 448 U.S. 1 (1980) (statutory deprivations). "It is well established that 'a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.'" *Wilson v. Moreau*, 440 F. Supp. 2d 81, 92 (D.R.I. 2006) (alteration in original) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)).

Littler states that he served a month in prison for "failing to pay money he did not have." Littler states that his annual income plummeted in 2012 and that his assets were depleted by 2014. Littler explains that he receives state aid and food stamps and has no money to pay child support and alimony. Littler alleges that he sustained monetary damage in excess of $75,000.00 and he seeks "judgment against the defendant for pain and suffering; loss of enjoyment of life and for such other further and different relief as to this court seems just proper and equitable."

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Based on the information contained in Littler's Application to Proceed in District Court without Prepaying Fees or Costs, the court will permit Littler to proceed *in forma pauperis.*

## STANDARD OF REVIEW

When a plaintiff is permitted to proceed without prepayment of the filing fee, a summons is not issued until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2). An action or claim is frivolous if "it lacks

an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to the statutory screening requirements under § 1915(e), this Court has an independent obligation to inquire, *sua sponte*, into its own subject matter jurisdiction. *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). As an additional matter, when subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, and thus the action may be dismissed *sua sponte* under § 1915. *Mack v. Massachusetts*, 204 F. Supp. 2d 163, 166 (D. Mass. 2002).

In conducting this review, the court reads Littler's complaint with "an extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir.1991), due to his *pro se* status, *see id.*; *see also Strahan v. Coxe*, 127 F.3d 155, 158

n. l (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Even under a liberal construction, however, there are a number of legal impediments to this action that warrant dismissal.

DISCUSSION

I. ADA and RA Claims

To the extent Littler asserts claims against the Commonwealth of Massachusetts under the ADA and RA, the allegations in the complaint fail to state a claim upon which relief may be granted. The ADA[2] and the RA[3] both proscribe discrimination in the provision of public services. Although the ADA and RA are not identical, the court will review the claims simultaneously. See *Partelow v. Massachusetts*, 442 F.Supp.2d 41, 47 (D. Mass. 2006) (citing *Parker v. Universidad de P.R.*, 225 F.3d 1, 4 (1st Cir. 2000) ("In applying Title II, ... we rely interchangeably on decisional law applying § 504).

---

[2] Title II of the ADA declares that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132
[3] Section 504 of the RA provides, in relevant part: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).

Pursuant to these statutes, a plaintiff must show: "(1) that he is a qualified individual with a disability; (2) that he was ... excluded from participation in ... a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion ... or discrimination was by reason of [his] disability." *Id.* (citing *Parker*, 225 F.3d at 5).

The ADA requires reasonable accommodations for persons with disabilities, to provide them "an even playing field," but does not require that disabled persons be treated preferentially or necessarily be given the accommodation of their choice. *Goldblatt v. Geiger*, 867 F.Supp.2d 201, 210 (D.N.H. 2012) (quoting *Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003)). In *Tennessee v. Lane*, 541 U.S. 509, 531 (2004), the Supreme Court held that Title II of the ADA with its "requirement of program accessibility" in the context of the right of access to the courts "unquestionably is valid ... as it applies to the class of cases implicating the accessibility of judicial services." *Id.* However, *Lane* cautioned that Title II requires only "reasonable modifications that would not fundamentally alter the nature of the service provided," not "to employ any and all means to make judicial services accessible to persons with disabilities." *Id.* at 531–32.

Here, Littler has not pled facts to support a claim of unlawful discrimination under the RA and/or ADA. Plaintiff states that he is a sober alcoholic and that his disabilities include severe depression and a heart condition/infection. Compl., ¶¶ 9, 19. The Complaint alleges broadly that "defendant failed to provide access to certain services to Plaintiff based on his disability and/or to offer reasonable accommodations or modifications so that Plaintiff could access those programs and services to resolve a contempt motion." *Id.* at ¶ 4. Specifically, Plaintiff complains that unidentified individuals "refused to accommodate Plaintiff's disabilities, refused to allow Plaintiff to completely present his case in defense and refused to afford Plaintiff the right to be represented by an attorney at a proceeding which had become criminal." *Id.* at ¶ 11.

The factual allegations in the Complaint fail to support a disability discrimination claim against the defendant. Plaintiff fails to adequately state how he was denied access to a program, benefit, service, or activity by reason of his disability. The Complaint fails to allege how the defendant engaged in unlawful discriminatory conduct or failed to reasonably accommodate him. Additionally, the claim is conclusory as it simply asserts discrimination "based on his disability" without alleging any facts to substantiate it. *See Iqbal*, 556 U.S. 662, 678 (to survive dismissal, "[a] pleading that offers ... a

formulaic recitation of the elements of a cause of action will not do") (internal quotation marks and citation omitted). Therefore, the Complaint fails to state a claim under either ADA Title II or the Rehabilitation Act and these claims are subject to dismissal. However, Plaintiff will be granted leave to demonstrate good cause why the ADA and/or RA claims should not be dismissed or file an amended complaint.

II. Immunity

Even assuming that Littler has adequately pled a civil rights claim, there is a fatal jurisdictional impediment to the Complaint. The Commonwealth and its departments are immune under the Eleventh Amendment[4] from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 L.Ed.2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983).

---

[4] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

This immunity extends to "arms of the state," *see, e.g.*, *Irizarry–Mora v. Univ. of P.R.*, 647 F.3d 9, *12 (1st Cir. 2011) (explaining the "arm-of-the-state" doctrine, which courts use to determine whether a particular public agency shares the state's sovereign immunity); *Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 (1st Cir. 1993) ("Only the state itself and 'arms' of the state receive immunity."), and state officers to the extent they are sued in an official capacity, and the plaintiff is seeking damages and other forms of retrospective relief. *See Poirier v. Massachusetts Dept. of Correction*, 558 F.3d 92, 97 (1st Cir. 2009).

Here, the Commonwealth of Massachusetts and the Courts of the Commonwealth, as instrumentalities of the State, are not subject to suit under § 1983, in light of their sovereign immunity grounded in the Eleventh Amendment. *See Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (holding that appellants' claims under § 1983 against the Massachusetts Trial Court and the Department of Social Services failed "because a state and its agencies" are not "persons" within the meaning of § 1983). Consequently, Plaintiff may not maintain this action against the defendant.

### III. Federal Courts Lack Jurisdiction To Directly Review State Court Decisions

The status of the state court proceedings is not clear from the face of the complaint. To the extent Littler seeks review and rejection of the state-

court enforcement proceedings as well as relief from the alimony and child support obligations imposed upon him, the court is barred from exercising jurisdiction over such claims by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." Thus, even if the challenge is that the state court's action was unconstitutional, this court may not review the challenge. *Feldman*, 460 U.S. at 485–86.

For the doctrine to apply, the "federal claim [must be] inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (Marshall, J., concurring); *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). Littler's recourse is to seek relief in the state court that issued the order or to file an appeal from that order, not to file an action in this court.

IV. *Younger* Abstention

To the extent that Littler has appealed or may continue to appeal in state court, the state court is where he must seek his remedy. This court has no jurisdiction to overturn a state court judgment or to intervene in any state appellate process. If litigation remains pending in state court, then this federal court must abstain until all appeals have been exhausted. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also generally Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).

V. *Heck v. Humphrey* Exception

To the extent that Littler seeks to challenge a prior criminal conviction for contempt of court, he fails to state any claim that would be cognizable under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When a successful § 1983 damages action would necessarily imply that a prior sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal,

11

expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id. See also Robinson v. State of Michigan*, No 09-cv-564, 2009 WL 2567171 at *8 (E.D. Mich. 2009) (holding that *Heck* bars both review of prior conviction for failure to pay child support and underlying challenge to continue to pay such support filed pursuant to § 1983). At the very least, Plaintiff may not use the instant lawsuit to challenge a prior conviction for nonpayment of alimony or child support.

VI.   Plaintiff's State Law Claims

Littler contends that the defendant is liable for the common law torts of false imprisonment and intentional infliction of emotional distress. Because the Complaint fails to state a federal claim for the reasons stated above, *supra.*, ¶¶ I - VI, the remaining potential state law claims are subject to dismissal.

VII.   Order to Show Cause or Amend Complaint

Littler's Complaint is subject to dismissal.  Rather than dismiss the action, he will be provided an opportunity to show cause why the Complaint is not subject to dismissal or he may file an Amended Complaint that complies with both the directives of this Memorandum and Order and the basic pleading requirements of the Federal Rules of Civil Procedure.

If Littler choses to file an Amended Complaint, the Amended Complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). Moreover, as the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. *Ashcroft*, 556 U.S. at 678 (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (quoting *Twombly,* 550 U.S. at 555)).

Because an amended complaint completely supersedes the original complaint, if Plaintiff files an amended complaint, he should repeat any allegations in the original complaint that he wishes to be part of the operative complaint. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *Steele v. Turner Broadcasting System, Inc.*, 746 F. Supp. 2d 231, 235 (D.

Mass. 2010). Plaintiff may not, for example, incorporate by reference allegations from the prior complaint into the Amended Complaint.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) Plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is allowed;

(2) Within 35 days of the date of this Memorandum and Order, Plaintiff shall show cause why the Complaint should not be dismissed or file an Amended Complaint curing pleading deficiencies in accordance with Rule 8 of the Federal Rules of Civil Procedure by setting forth a plausible claim upon which relief may be granted;

(3) Plaintiff's motion (Docket No. 5) for permission to file electronically is denied without prejudice; and

(4) Failure to comply with the directives of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE